**MITCHELL & SPEIGHTS, LLC**
Steven C. Mitchell (AZ Bar No. 009775)
Samuel F. Mitchell
(*pro hac vice* to be submitted)
4854 E. Baseline Road, Suite 103
Mesa, AZ 85206
Tel: (602) 244-1520
Fax: (602) 267-9394
Steve@mitchellspeights.com
Sam@mitchellspeights.com

Attorneys for Plaintiff Tucson Medical Center

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TUCSON MEDICAL CENTER, a corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>            Defendants. | No. 4:18-cv-00532-JGZ<br><br>**PLAINTIFF'S EMERGENCY MOTION TO REMAND AND FOR SANCTIONS** |

Plaintiff Tucson Medical Center (sometimes referred to as "Plaintiff" or "TMC"), by and through undersigned counsel, hereby moves, pursuant to 28 U.S.C. § 1447(c), for this action to be remanded to Pima County Superior Court, and for Plaintiff to be awarded its costs and expenses (including attorney fees) incurred as a result of the removal of this action. For the reasons stated below, the motion should be granted.

## I.    INTRODUCTION

On October 5, 2018, the Court entered an order (the "Stay Order") staying a substantially similar earlier-filed action (the "First Action") brought by TMC, pending consideration by the JPML of whether the action would be transferred to the MDL Court.

1

On October 8, 2018, TMC voluntarily dismissed the First Action. On October 9, 2018, TMC commenced this action. In the four (4) intervening days between the entry of the Stay Order and the commencement of this action, some things changed, and some remained the same.

What has changed is quite substantial. Unlike in the First Action, (1) *Plaintiff has not brought claims against McKesson Corp.*, which, in addition to distributing products to commercial purchasers, distributes pharmaceutical products through a federal contract (the "PPV Contract") with the Veterans Administration (in which certain other federal agencies, including the Indian Health Service, also participate), and (2) Plaintiff has disclaimed claims arising from distributions through the PPV Contract. This action has not been, and cannot be, removed on the basis of "federal officer" jurisdiction – it has been removed only on the basis of federal question jurisdiction. There is, accordingly, no plausible basis for federal jurisdiction under 28 U.S.C. § 1442(a)(1) nor is there any particularly novel issue presented by this motion.

What has *not* changed since we were last before the Court is that the federal courts have *still* unanimously rejected the baseless argument again asserted by the Defendants that federal question jurisdiction arises from the state law claims asserted in this action. The Defendants *still* cannot cite a single decision in their favor.

It is time to put an end to the Defendants' gamesmanship, and to shut down their removal assembly line. The Defendants cannot be said to be litigating this issue in good faith, having failed repeatedly in courts across the country. Plaintiff should be awarded its costs and expenses (including attorney fees) incurred as a result of the removal.

## II. ARGUMENT

### A. There Is No Federal Subject Matter Jurisdiction and This Action Must Be Remanded

"[R]emoval is entirely a creature of statute" and, as such it is "to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *see also Boggs*

*v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988) (courts shall strictly construe the removal statute against removal jurisdiction); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985) (same). There is a "strong presumption" against removal based on a purported federal question, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).[1] This is a different analysis than that applicable to removal under the "federal officer" statute, under which greater deference is given to the allegations of the removing defendant.[2]

In the First Action, the Court entered the Stay Order principally out of reluctance to enter a decision arguably at odds with (or at least, distinguishing) a decision[3] rendered by the MDL Court denying motions to remand actions brought by two Indian tribes that were removed under the somewhat novel "federal officer" theory. That consideration is simply inapplicable in this action. Plaintiff has *not* sued McKesson, *and* has disclaimed any claims arising from the PPV. Complaint, ¶¶ 781-82. There is no allegation by any removing defendant of a "federal officer" basis for federal jurisdiction. Here, Defendants' only alleged basis for federal jurisdiction is the "federal question" theory that has been universally rejected by the Courts. The "federal question" issue is not novel and is not in dispute, and resolving it will not create any possibility of inconsistent determinations.

Defendants *still* cannot cite a single decision adopting their baseless "federal question" argument. To the contrary, the courts have *unanimously* and *repeatedly* rejected the efforts by pharmaceutical manufacturers and distributors to characterize state law

---

[1] As such, the removing "defendant always has the burden of establishing that removal is proper." *Id.* And, any uncertainty or doubt as to the right of removal *shall* be resolved in favor of remand. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *see also Bertrand v. Aventis Pasteur Laboratories, Inc.*, 226 F.Supp.2d 1206, 1210 (D. Ariz. 2002) (ambiguities are resolved in favor of remand); *IBEW, Local Union 640 v. Dueck*, 148 F.Supp.2d 955, 958 (D. Ariz. 2000) (same)

[2] *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) ("[T]he Supreme Court has mandated a generous interpretation of the federal officer removal statute ever since [its enactment]: 'It scarcely need be said that such measures are to be liberally construed . . ..'").

[3] *In re National Opiate Litig.*, 2018 WL 4203535 (N.D. Ohio Sept. 4, 2018).

claims related to the opioid crisis as presenting a "federal question," and have remanded such actions back to state court.

The decision in *City of Granite City, Ill. v. AmerisourceBergen Drug Corp.*, No. 18-CV-1367 (S.D. Ill. July 13, 2018) (Exhibit A) is illustrative. Defendants had removed the case, filing exactly the same notice of removal, word for word[4], that was filed in this action. The district court remanded the action to state court, *sua sponte*, without awaiting a formal motion to remand. This is just one of a long list of federal district court decisions rejecting the notion that state law claims (similar to those asserted here) give rise to a "federal question."[5]

---

[4] *See also Exhibits B-F* wherein the Defendants filed identical Notices of Removal to that which was filed in this case; all of which were remanded to state-court.

[5] *See, e.g., In Re: Nat'l Prescription Opiate Litig.,* MDL No. 2804 [Doc. # 899] (N.D. Ohio Aug, 23, 2018) (remanding action brought by the State of Montana to a state court in Montana); Order, *County of Anderson v. Rite Aid of South Carolina, Inc.*, No. 8:18-cv-01947, Doc. 44 (D.S.C. Aug. 20, 2018)(denying motion to stay and granting motion to remand); *Weber County, Utah v. Purdue Pharma, L.P.,* 2018 WL 3747846 (D. Utah Aug. 7, 2018); *Uintah County, Utah v. Purdue Pharma, L.P.,* 2018 WL 3747847 (D. Utah Aug. 7, 2018); Order*, County of Spartanburg v. Rite Aid of South Carolina, Inc.,* No. 7:18-cv-01799, Doc. 32 (D.S.C. July 27, 2018) (denying motion to stay and granting motion to remand); *New Mexico ex rel. Balderas v. Purdue Pharma, L.P., et al.*, 2018 WL 2942346, at *4 (D.N.M. June 12, 2018);  Order, *County of Greenville v. Rite Aid of South Carolina, Inc.*, No. 6:18-cv-1085, Doc. 66 (D.S.C. May 21, 2018) (denying motion to stay and granting motion to remand); *Delaware v. Purdue Pharma L.P.*, 2018 WL 1942363 (D. Del. Apr. 25, 2018);  *Anne Arundel Co., Md. v. Purdue Pharma L.P.*, 2018 WL 1963789 (D. Md. Apr. 25, 2018); Memorandum Opinion and Order, *County of Van Zandt v. AmerisourceBergen Corporation et al.*, No. 6:18-cv-00064, Doc. 73 (E.D. Tex. Apr. 16, 2018) (denying motion to stay and granting motion to remand); Order, *Estate of Bruce Brockel v. Purdue Pharma L.P. et al.*, No. 1:17-cv-000521, Doc. 63 (S. D. Ala. March 29, 2018); *Order, County of Travis v. Purdue Pharma L.P. et al.,* No. 1:18-cv-00254, Doc. 12 (W.D. Tex. March 28, 2018) (denying motion to stay and granting motion to remand); *Cty. of Falls v. Purdue Pharma L.P., et al.*, 6:18-cv-00047-RP-JCM, slip op. at 7 (W.D. Tex. Mar. 28, 2018);  Order*, County of Delta v. Purdue Pharma L.P. et al.,* No. 4:18-cv-00095, Doc. 27 (E.D. Tex. March 22, 2018) (denying motion to stay and granting motion to remand); Order, *County of Dallas v. Purdue Pharma L.P. et al.*, No. 3:18-cv-00426, Doc. 10 (N.D. Tex. March 7, 2018) (denying motion to stay and granting motion to remand); *Brooke Cty. Comm'n, et al. v. Purdue Pharma L.P., et al.*, 5:18-cv-00009, slip op. at 17 (N.D. W.Va. Feb. 23, 2018) (granting Motions to Remand in eight cases brought by counties in West Virginia); *State of West Virginia ex rel. Morrisey. v. McKesson Corp.*, 2017 WL 357307 (S.D. W.Va. Jan. 24, 2018); New *Hampshire v. Purdue Pharma, et al.*, 1:17-cv-00427-PB, slip op. at 11 (D.N.H. Jan. 9, 2018); *Cty. of Hopkins v. Endo Health Solutions Inc., et al.*, 4:17-cv-00845-ALM, slip op. at 2 (E.D. Tex. Dec. 20, 2017); *Staubus v. Purdue Pharma, L.P., et al.*, 2:17-cv-122-TAV-CLC, 2017 WL 4767688, at *8 (E.D. Tenn. Oct. 20, 2017).

Defendants have brought nothing new to the table in this proceeding. Defendants have simply filed the same boilerplate Notice of Removal that they have been filing across the country, and losing with, on a regular basis. The result should be no different here[6], and this action should be promptly remanded.

**B. The Court Should Award Costs and Expenses Incurred by TMC as a Result of the Removal**

28 U.S.C. § 1447(c) provides, in pertinent part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir.2008). Sanction should be imposed if defendants "had no objectively reasonable basis for removal." *Sullivan v. Pulte Home Corp.*, 2010 WL 2573357, at *2 (D. Ariz. June 22, 2010) (citing *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir.2006)). Courts in this district have found that an award of attorney's fees its appropriate under 28 U.S.C. § 1447(c) when "it [wa]s obvious that filing for removal was part of a larger strategy to forestall state court proceedings." *Wells Fargo Bank, NAv. Corte Freccia I, LLC*, 2009 WL 3188424, at *2 (D. Ariz. Sept. 29, 2009). Unlike under Fed. R. Civ. P. 11[7] and 28 U.S.C. § 1927,[8] the court need not find "bad faith" to require the defendants to pay the plaintiff's costs and expenses, as "[a]ttorney fee awards under § 1447(c) are remedial rather than

---

[6] Tucson Medical Center incorporates by reference herein its previous Emergency Motion to Remand before the Honorable Judge Raner C. Collins, 4:18-cv-00481-RCC, Doc. No. 7, as additional support to the instant Emergency Motion to Remand.

[7] "A Rule 11 sanction is appropriate when a pleading is frivolous, *i.e.,* both baseless and made without a reasonable and competent inquiry." *Matter of Pozsga*, 158 F.R.D. 435, 437 (D.Ariz.1994) (citing *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir.1990) (en banc )).

[8] 28 U.S.C. § 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

punitive and, therefore, do not require a finding of bad faith." *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 446 (9th Cir. 1992).

Because the removing Defendants have repeatedly removed substantially similar cases to the federal court with no valid basis, sanctions are warranted. The removing Defendants' argument for removal based on 28 U.S.C. §§ 1441 are ***identical*** to the argument that they attempted before other federal courts, and has been consistently rejected by courts across the country, as noted in Section II(A), *supra*. There simply is no "objectively reasonable" basis for removal, and Plaintiff's costs and expenses (including attorney fees) should be awarded.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff respectfully prays that, pursuant to 28 U.S.C. § 1447(c), this action be promptly remanded to Pima County Superior Court and that Plaintiff be awarded its costs and expenses (including attorney fees) incurred as a result of the removal.

DATED this 30th day of October, 2018.

Respectfully submitted,

/s/ *Steven C. Mitchell*
Steven C. Mitchell (AZ Bar No. 009775)
Samuel F. Mitchell
(*pro hac vice* to be submitted)
**MITCHELL & SPEIGHTS,** LLC
4854 E. Baseline Road, Suite 103
Mesa, AZ 85206
Tel: (602) 244-1520
Fax: (602) 267-9394
steve@mitchellspeights.com
sam@mitchellspeights.com

Linda Singer
(*pro hac vice* to be submitted)
**MOTLEY RICE LLC**

6

401 9th Street NW
Suite 1001
Washington, DC 20004
Tel: (202) 386-9626
Fax: (202) 386-9622
lsinger@motleyrice.com

John W. ("Don") Barrett
(*pro hac vice* to be submitted)
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Tel: (662) 834-2488
Fax: (662) 834-2628
dbarrett@barrettlawgroup.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 30th day of October 2018, I caused the foregoing document to be filed with the Clerk of this Court via the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ *Steven C. Mitchell*
Steven C. Mitchell