**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tucson Medical Center, | No. CV-18-00532-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Purdue Pharma LP, et al., | |
| Defendants. | |

Pending before this Court are Plaintiff's Emergency Motion to Remand and for Sanctions (Doc. 6) and Defendants' Motion to Stay (Doc. 9). The Court has considered the parties' pleadings and oral arguments. For the following reasons, the Court will grant the former, in part, and deny the latter.

## Background

On October 5, 2018, this Court entered an order staying an earlier-filed opioid-related lawsuit ("First Case"). The purpose of the stay was to permit the court assigned to the national opioid multidistrict litigation ("MDL") to address the applicability of 28 U.S.C. §1442 (the federal officer removal statute) and the Plaintiff's novel attempt to circumnavigate the same since "the possibility exists that such efforts might be attempted by other Plaintiffs in other proceedings that have or will be transferred to the MDL court." *Tucson Medical Center v. Purdue Pharma LP*, Case No. 4:18-cv-00481, Doc. 50 at 2. The stay order explicitly stated that this Court had not reached "the merits of the Motion to Remand which concern[ed] the federal question jurisdiction invoked in

AmerisourceBergen Drug Company's notice of removal." *Id.* at 3.

Today this Court will reach that issue, though in a slightly different context.

Shortly after the Court issued its stay order, Plaintiff Tucson Medical Center ("TMC") voluntarily dismissed the First Case, *see Tucson Medical Center v. Purdue Pharma LP*, Case No. 4:18-cv-00481, Docs. 51, 54, and commenced the instant action in state court. *See* Doc. 1 at Ex. 1. The current complaint asserts twelve state statutory and common law causes of action. *Id.* Notably, Plaintiff excised all claims against McKesson Corp, the defendant in the First Case that removed that matter pursuant to the federal officer removal statute[1]. *Id.*

On October 29, 2018, Defendant AmerisourceBergen Drug Company ("AmerisourceBergen") removed this case to federal court pursuant to 28 U.S.C. §§ 1441 and 1331 arguing, as it did in the First Case, that TMC's state law claims necessarily raise federal questions under 21 U.S.C. §§ 801, the Controlled Substances Act ("CSA"). *Compare* Doc. 1 at 5, *with Tucson Medical Center v. Purdue Pharma LP*, Case No. 4:18-cv-00481, Doc. 1 at 5. Plaintiff challenges AmerisourceBergen's removal by and through its emergency motion to remand. Doc. 6. Defendants urge this Court to stay these proceedings pending the inevitable transfer of this action to the MDL Court without reaching Plaintiff's motion to remand. Doc. 9. A stay, they argue, "will ensure judicial efficiency and consistent results in substantially similar cases raising the same federal question issues." Doc. 20 at 1. On November 26, 2018 the Court heard oral argument on the parties' respective motions. Doc. 29.

**Motion to Stay**

A.    Legal Standard

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

---

[1] The Court acknowledges that the complaint in the current matter differs in other respects from the complaint filed in the First Case, but finds that those changes do not affect its decision to remand this matter to state court.

When considering a motion to stay, district courts take into account "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

B.    Discussion

Defendants urge this Court to refrain from considering the merits of Plaintiff's motion to remand and to find that the *Rivers* factors favor a stay this matter. Doc. 9 at 6 (citations omitted). The Court finds Defendants' supporting arguments uncompelling.

To this Court's knowledge, the Ninth Circuit has never held that the *Rivers* factors should be exclusive. Other district courts, when faced with simultaneous motions to remand and motions to stay pending transfer to MDL, have employed the additional, three-step methodology advanced in *Meyers v. Bayer AG*, 143 F.Supp.2d 1044, 1049 (E.D.Wis. 2001). Thereunder, "a court should [first]... give preliminary scrutiny to the merits of the motion to remand . . . [i]f this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court." *Meyers*, 143 F.Supp.2d at 1049; *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F.Supp.2d 1049, 1053 (N.D.Cal. 2004). If "the jurisdictional issue appears factually or legally difficult, [however,] the court's second step should be to determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding." *Meyers*, 143 F.Supp.2d at 1049; *Conroy*, 325 F.Supp.2d at 1053. A court should only proceed to the third step and consider the motion to stay "if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred." *Meyers*, 143 F.Supp.2d at 1049; *see also*, *McClelland v. Merck*, No. 06-CV-00543-JMS/BMK, 2007 WL 178293, at *2 (D. Haw. January 19, 2007); *Conroy*, 325 F.Supp.2d at 1053.

To date, the Ninth Circuit has not expressly adopted the *Meyers* methodology. However, and as explained in the Federal Judicial Center's Manual for Complex

Litigation, Fourth, this Court finds that scrutiny of the merits of a pending motion to remand is helpful to an evaluation of judicial economy, the third *Rivers* factor:

> A stay pending the multidistrict litigation panel decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well. **The reasons for a stay diminish, however, . . . if the absence of federal jurisdiction is clear . . . [j]udicial economy may then be served by resolving specific issues and declining to stay the proceedings**.

Manual for Complex Litigation, Fourth § 22.35 (emphasis added); *see also J.W. v. Pfizer, Inc.*, No. 13-CV-00318-YGR, 2013 WL 1402962, at *4 (N.D. Cal. Apr. 5, 2013) ("If the facts obviously supported remand, deciding the Remand Motion first may be more appropriate and perhaps the most efficient course of action.").

As explained in more detail below, a preliminary assessment of Plaintiff's motion to remand reveals that the jurisdictional issue in *this* case (as opposed to the First Case) is not difficult and that the absence of federal jurisdiction is clear. Under the *Meyers* methodology, a stay would be inappropriate. Moreover, none of the *Rivers* factors otherwise favors a stay. First, the Plaintiff would be prejudiced by a needless and indefinite delay in obtaining a clearly-warranted remand order. Second, any hardship Defendants seek to avoid by staying this matter is unavoidable as they will inevitably be required to proceed in state court. Finally, as the absence of federal jurisdiction is clear, judicial economy is better served by prompt resolution of the motion to remand. Accordingly, the motion to stay is denied and the Court will consider the Motion to Remand.

### Motion to Remand

A. <u>Legal Standard</u>

The plaintiff is the master of their own complaint and has the choice of pleading claims for relief under state or federal law (or both). *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987). In most cases, and in the absence of diversity jurisdiction, "the

plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Id*. at 399. "A state court action may only be removed to federal court if that federal court could have exercised original jurisdiction." *Sacks v. Dietrich*, 663 F.3d 1065, 1068 (9th Cir. 2011) (citing 28 U.S.C. § 1441(a)).

The Supreme Court has directed lower courts to exercise "prudence and restraint" when assessing the propriety of removal from state court because "determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). The Ninth Circuit has added that we should strictly construe the general, [federal question] removal statute against removal jurisdiction and that "if a district court determines at any time that less than a preponderance of evidence supports the right of removal, it must remand . . .." *See Hansen v. Grp. Health Coop*., 902 F.3d 1051, 1056–57 (9th Cir. 2018)(citations and quotations omitted); *see also*, *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992)(finding that a Court should reject removal "[I]f there is any doubt as to the right of removal in the first instance."). The removing defendant bears the burden of overcoming this "strong presumption against [federal question] removal jurisdiction." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)(citation omitted).

Federal question jurisdiction only exists in "cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal*., 463 U.S. 1, 27–28 (1983). Where state law creates the cause of action, federal jurisdiction may also lie if "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Id*. at 13.

In *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, the Supreme Court held that no federal question jurisdiction existed over a state tort claim alleging a violation of a federal misbranding prohibition, in part because Congress had not provided a private

federal cause of action for that violation. 478 U.S. at 812. Subsequently, the Court noted *Merrell Dow* did not "convert[ ] a federal cause of action from a sufficient condition for federal-question jurisdiction into a necessary one." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 317 (2005). Rather, a federal right of action is "evidence relevant to, but not dispositive of" federal question jurisdiction. *Id*. Federal question jurisdiction over state-law claims will lie if a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disturbing the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). When one factor is lacking, federal question jurisdiction does not exist. *Id.*.

B.    Discussion

Plaintiff has drawn this Court's attention to a recent decision by Judge Timothy S. Hillman of the United States District Court for the District of Massachusetts. *See City of Worcester v. Purdue Pharma et al*, Case No. 4:18-cv-11958-TSH (D.Mass. Nov. 21, 2018). The instant matter is on all fours with the that case. This Court will neither occasion further delay nor kill more trees attempting to rehash Judge Hillman's sound reasoning. Suffice it to say, AmerisourceBergen has failed to show that the Plaintiff must prove a violation of federal law in order to prevail on its claims. Under the *Gunn* framework, this is cause enough to order a remand.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Emergency Motion to Remand and for Sanctions (**Doc. 6**) is **GRANTED IN PART AND DENIED IN PART**.  The request for remand is granted, however the request for sanctions and/or fees is denied.

2. Defendants' Motion to Stay Proceedings (**Doc. 9**) is **DENIED**.

3. This action is remanded to The Superior Court of Pima County, Arizona.

4. The Clerk of the Court is ordered to close the Court's file in this matter.

Dated this 18th day of December, 2018.

Honorable Raner C. Collins
United States District Judge